IN THE COURT OF CRIMINAL APPEALS OF TEXAS

39,583-41

EX PARTE

CAUSE NO. WR-39,583

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 30 2015

Abel Acosta, Clerk

BILLY CHARLES WILKINS

TO THE HONORABLE JUDGES OF SAID COURT:

Right at twenty years now it has been explained numerous times that while this case was being reviewed in a direct appeal at the Eleventh Court of Appeals at Eastland Texas, the 35th District Court Judge Ernest Cadenhead retired the bench. Stephen Ellis was elected new judge.

For whatever the reason G. Lee Haney the district attorney in June 1995, upon complaint being made before him that a offense of burglary of a habitation has been committed in his district, he only reduce the one complaint to writing and cause the same to be signed and sworn to by the complainant, Vance Hill, and it was duly attested by assistant district attorney Craig Willingham. However, Haney split the accusation into two seperate cause numbers. 8442-8443 in the Justice Court of Rennie Lappe. Only the complaint was, one complaint. 8442 had my name on it, and 8443 had Larry Dale Smith on it. G. Lee Haney drafted two indictments. Both indictments identically the same, 13,872-13873 in the 35th District Court. 13,872 had my name on it, and 13,873 had Larry Dale Smith on it. Judge Cadenhead court appointed Stephen Ellis for the defense in 13,873. On August 25, 1995, a pre-trial hearing was held in 13,873. There upon the indictment was dismissed and Larry Dale Smith was released from custody. It was not until November 1995 Judge Cadenhead appointed Dana Smith for the defense in 13,872. A motion for discovery was filed by Dana Smith. No pre-trial hearing was ever scheduled. April 1996, a pre-trial was set but to hear a motion to withdraw filed by Dana Smith. The motion was granted by the judge then the judge appointed Scott Steele. April 17, 1996 a second motion for discovery was filed a pre-trial

was held. I was not given any discovery material by either attorney. From the date the very first initial application for a writ of habeas corpus was filed, Judge Stephen Ellis has been bias and prejudice to my side of the cause for being a conflict of interest to this side of the same case he had already sit as attorney that it was his representations for how the indictment was dismissed in one half of the same case. I've for years have begged this Court to order the Court Reporter in cause number 13,873 of the 35th District Court to make available for inspection to your Court the pretrial Statement of Facts. Where one half to this situation has already been dismissed in August 25, 1995 and the second half being the identical same entitles me the right to the same relief. More so, when the investigation report contains no fact that I was the white male pursued by the complaining witness. No fact I was even driving the suspect vehicle. No fact by any prints that I was involved in the crime. No facts I was even in possession of property that came from that residence. Fact, the prosecuting attorney did amend the information on the arrest affidavit to show, "Located in the vehicle was a VCR, and a digital satellite system receiver", while the prosecuting attorney had no such fact in the investigation report. Even the affiant in the affidavit did not charge that I commit any offense. By the prosecuting attorney leaving out in the affidavit the facts surrounding the offense about what I was suppose to have done to have commit this offense but applying the information in the form of a charge caused the prosecuting attorney to be the accuser for the offense charged. Then by the prosecuting attorney applying that same information in the form of a charge in the indictment cause the indictment to be fatally defective because a prosecuting attorney is not authorized to institute prosecutions in the district court upon his independent act or of his own volition. One may not be "both the accuser and the prosecutor in felony cases. The Court has jurisdiction to address applicant's

subsequent writ because (1) the requirements governing subsequent writs do not apply to a claim that the trial court lacked jurisdiction and, alternatively, (2) if these requirements do apply, a jurisdictional claim raises a constitutional violation that satisfies the procedural requirements so as to permit review. Also does a actual innocence claim raise a constitutional violation that satisfies the procedural requirements so as to permit review.

The actual investigation report was entered into record by Scott Steele, see volume five defendants exhibit one. There have been dozens of the States Complaint provided to this Court. All three documents, investigation report, complaint and indictment were attached to 13,872 Application for a Writ of Habeas Corpus AG now formaly before your Court.

I have done the very best that I know how to prove to this Court that I am, innocent of the crime in which I was convicted. Must I keep struggling to continue to prove to this Court that I am innocent of the crime in which I was convicted and the Court that convicted me was simply a kangaroo court n (1853) 1: a mock court in which the principles of law and justice are disregarded or perverted 2: a court characterized by irresponsible, unauthorized, or irregular status or procedures 3: judgment or punishment given outside of legal procedure.

The applications may not be in the proper form but the principals mean the same. I did not receive reasonable effective assistance from trial counsel or appellate counsel. The trial court lacked jurisdiction. I am innocent of the crime I was convicted of. I was convicted by prosecutoral misconduct.

God bless all and thank you all for granting relief of this wrongful conviction.     July 26, 2015.

Respectfully submitted,
Billy C. Wilkins #817648
1050 W. Commerce
Brownwood, Texas 76801

(over)

I mailed a petition of innocence to the Court in this case and your clerk misconstrued it and presented it as a Mandamus to cause number 062661-A wrong court. This cause number is a conviction in Grayson County, Sherman, Texas and has not one single thing to do with cause number 13,872 in Brown County, Brownwood, Texas. Please have him correct his mistake.

Thanks

Billy C. Wilkins